E-FILED
Wednesday, 01 March, 2006 02:31:57 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) <br> COMPLAINT OF ILLINOIS ) <br> MARINE TOWING, INC. A ) <br> CORPORATION, FOR EXONERATION ) <br> FROM, OR LIMITATION OF LIABILITY. ) | Case No. 05-1057 |

## ORDER

Before the Court are Billy Joe Thomas' ("Thomas") Motion to Vacate the Order of Default Entered in Favor of Bryan J. Allen and to allow Billy Joe Thomas to File an Amended Motion to Dismiss for Failure to State a Third Party Claim, and Bryan J. Allen's Motion to Strike Billy Joe Thomas' Motion to Vacate the Court's Order of Default. For the reasons that follow, Thomas' Motion [#77] is GRANTED and Allen's Motion to Strike [#90] is DENIED.

## BACKGROUND

On or about May 21, 2004, a marine collision occurred on the Illinois River, involving a towboat (the "M/V Herman Crown"), Barge RMT 315, and a pleasure vessel. Both the M/V Herman Crown and Barge RMT 315 are owned and operated by Illinois Marine Towing ("IMT"). As a result of the collision, several occupants of the pleasure craft were injured and Eric M. Allen was killed.

On February 23, 2005, Illinois Marine Towing, Inc. filed a Complaint in this Court for exoneration from, or limitation of, liability. Casey Barnick, the operator of the pleasure vessel, Joshua Broughton, Tim Flemming, and Stephen Turner, injured occupants of the pleasure vessel, and Bryan J. Allen, as Administrator of the Estate of Eric M. Allen all filed claims in the

limitation proceeding. Additionally, each of the five claimants filed a third-party complaint against Thomas as the operator of the tow boat at the time of the collision.

Specifically, the Estate of Eric M. Allen ("Allen") filed its Answer and Claims in the limitation proceeding on June 23, 2005. In it's Answer, Allen asserted affirmative defenses and counterclaims against Illinois Marine Towing and included a third-party complaint against Casey Barnick and Thomas. After being served with Allen's third-party complaint, Thomas had until December 3, 2005 to respond to the complaint. On December 13, 2005, Allen moved for an entry of default against Thomas. Pursuant to Rule 55, the motion was granted and this Court entered default against Thomas on January 11, 2006.

On January 13, 2006, Thomas filed the instant motion asking this Court to vacate its entry of default and grant Thomas leave to file a motion to dismiss Allen's third-party complaint. Allen responded to Thomas' motion by filing a Motion to Strike Thomas' Motion to Vacate the Court's Order of Default or in the Alternative, a Response to Thomas' Motion to Vacate. Initially, Allen argues that this Court should strike Thomas' Motion to Vacate because counsel for Thomas has not entered an appearance in this Court and has not filed a Certificate of Interest pursuant to Local Rule 11.3. Although the Court has the authority to strike Thomas' motion for his failure to adhere to this Court's rules, the Court finds that striking this motion would merely prolong and multiply the expense of this litigation. Accordingly, Allen's Motion to Strike is denied. However, counsel for Thomas is directed to formally enter his appearance and file a Certificate of Interest as required by Local Rule 11.3 as soon as practical.

In the event that this Court denies Allen's Motion to Strike, Allen asks the Court to deny Thomas' motion on the merits because counsel for Billy Joe Thomas knew about the third-party complaint but did not file a response within the required timeframe.

>Federal Rule of Civil Procedure 55 (c) provides:
>
>For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed. R. Civ. P. 55(c). "To succeed in the vacation of a default order under Rule 55(c), the defendant must show '(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.'" *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989)).

First, Thomas argues that he did not file his responsive pleading in the required timeframe because his counsel suffered severe health problems including a heart attack in March, 2005 and an angioplasty around Thanksgiving. Allen argues that these health problems do not constitute good cause because Thomas' counsel knew about Allen's third-party complaint prior to Thanksgiving and Thomas' counsel had orally told Allen's counsel that he would be filing a responsive pleading yet failed to do so. Although this is a close case, the Court finds that Thomas' counsel has shown good cause for his failure to respond to the complaint because Thomas' counsel has indicated that he was undergoing treatment for heart failure, diabetes, and hypertension from the time of the heart attack in March up until the angioplasty in November. Accordingly, the Court finds that Thomas has shown good cause for failing to respond in time.

Second, Thomas' counsel took quick action to rectify the default by filing the Motion to Vacate the Default only two days after the default was entered. Finally, Thomas has set forth a potential meritorious defense to Allen's Complaint because he alleges that Allen's complaint is improper because it is not a proper third-party action because it is not authorized pursuant to Rule 14(c) of the Federal Rules of Civil Procedure. Accordingly, the Court finds that Thomas

has met the requirements of Rule 55(c) and therefore vacates its previous order entering default against Thomas. Because the question of whether the Claimants can properly bring third-party complaints against Thomas is complex and involves numerous parties other than Allen and Thomas, the Court will rule on Thomas' Motions to Dismiss in a separate order. To the extent that the instant motion sought leave to file a motion to dismiss Allen's third-party complaint *instanter*, that motion is granted.

## CONCLUSION

For the reasons set forth above, Thomas' Motion to Vacate the Order of Default Entered in Favor of Bryan J. Allen and to allow Billy Joe Thomas to File an Amended Motion to Dismiss for Failure to State a Third Party Claim [#77] is GRANTED and Bryan J. Allen's Motion to Strike Billy Joe Thomas' Motion to Vacate the Court's Order of Default [#90] is DENIED.

ENTERED this 1st day of March, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge
