**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF ILLINOIS ) | |
| MARINE TOWING, INC. A ) | Case No. 05-1057 |
| CORPORATION, FOR EXONERATION ) | |
| FROM, OR LIMITATION OF LIABILITY. ) | |

**ORDER**

Before the Court is Claimants' Bryan J. Allen, as Administrator of the Estate of Eric M. Allen, deceased, Tim Flemming, Stephen Turner, and Casey A. Barnick's (collectively "Claimants") Joint Motion to Modify Stay and Illinois Marine Towing's ("IMT") Motion to Strike Claimants' Demand for Trial by Jury. For the reasons that follow, the Motion to Modify the Stay [#84] is GRANTED and IMT's Motion to Strike Claimants' Demand for Trial by Jury [#73] is MOOT.

**BACKGROUND**

On or about May 21, 2004, a marine collision occurred on the Illinois River, involving a towboat (the "M/V Herman Crown"), Barge RMT 315, and a pleasure vessel. Both the M/V Herman Crown and Barge RMT 315 are owned and operated by Illinois Marine Towing ("IMT"). As a result of the collision, several occupants of the pleasure craft were injured and Eric M. Allen was killed.

On July 2, 2004, Joshua Broughton and Tim Flemming, injured occupants of the pleasure craft, brought suit in state court (Case No. 04 L 201) against Inland Marine Service, Inc.[1] and Casey Barnick, the individual driving the pleasure craft at the time of the collision. On July 24,

---

[1] As none of the parties have indicated otherwise, the Court presumes that Inland Marine Service, Inc. and IMT are one and the same.

2004, Broughton and Flemming filed a First Amended Complaint in the state court case adding Stephen Turner, another occupant of the pleasure craft, as an additional plaintiff and adding Billy Joe Thomas, the operator of the tug and barge, as an additional defendant.

On February 23, 2005, Illinois Marine Towing, Inc. filed a Complaint in this Court for exoneration from, or limitation of, liability. On the same day, this Court entered an Order Directing Issuance of Notice and Restraining Suits. This Order directed that notice be published and individual notice be given to all known persons involved in the collision. The Order also directed all persons claiming damages from the collision involving the M/V Herman Crown and Barge RMT 315 to file a claim in this court. Finally, the Order stayed and restrained the institution and prosecution of any suits, actions, or legal proceedings arising out of this collision in any court against IMT, the M/V Herman Crown, or Barge RMT 315.

As a result of the Court's Order, all five of the Claimants have filed claims with this Court. These Claimants have filed the instant Joint Motion to Modify Stay because they would prefer to litigate all of their claims in the state courts of Illinois. Specifically, the Claimants have submitted certain stipulations so that this Court may retain exclusive jurisdiction as to all limitation of liability issues, with the stay remaining in effect as against any entry of judgment and consequent enforcement of any recovery achieved in state court or related proceeding pending the outcome of the limitation proceeding. Claimants argue that it is necessary for this Court to partially modify the stay as limited by their stipulations in order to rectify the conflict between the "savings to suitors" clause, 28 U.S.C. § 1333(1), which permits a claimant to litigate his maritime claims in either state or federal court, and the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 183–189, which allows a shipowner to file a claim in federal court and limit its liability to the value of the ship and its cargo.

IMT opposes the Claimants motion to lift the stay arguing that Claimants do not qualify for a modification of the stay because the stipulations that they have asserted do not protect IMT's statutory rights as guaranteed by the Shipowners' Liability Limitation Act (the "Limitation Act").  IMT argues (1) its rights are not protected because Billy Joe Thomas has not agreed to the stipulations and therefore the stipulations do not adequately protect IMT from a contribution claim by Billy Joe Thomas, and (2) even if Billy Joe Thomas agreed to the stipulations, the stay should not be lifted because the Claimants do not qualify as a single claimant under Seventh Circuit case law.

## DISCUSSION

**A.    Joint Motion to Modify the Stay**

In admiralty cases such as this, a federal court should abstain from exercising its jurisdiction and allow the case to proceed in state court in two situations.  *In re McCarthy Bros Co.*, 83 F.3d 821, 831 (7th Cir. 1996).  First, where the value of the limitation fund, which represents the value of the vessel and its cargo, exceeds the aggregate of the total claims filed against the shipowner.  *Id.*  Second, where a single claimant brings an action against the shipowner seeking damages in excess of the value of the limitation fund and the claimant makes sufficient stipulations to protect the shipowner's rights as guaranteed by the Limitation Act.  *Id.*  Here, the Claimants do not assert that the value of the limitation fund exceeds the aggregate of the total claims filed against the shipowner.  However, the Claimants do argue that this Court should abstain because they have submitted stipulations that allow this Court to consider their claims as those of a single claimant.  IMT argues that the Claimants cannot properly be characterized as a single claimant and the stipulations that the Claimants have submitted are insufficient to protect IMT's rights.

IMT initially argued that the stipulations submitted by the Claimants were insufficient because they were not signed by Billy Joe Thomas, the operator of the tug boat. Billy Joe Thomas, however, was not a claimant in the limitation proceeding. As a result of a hearing regarding the pending motions in this case, Billy Joe Thomas has submitted a Withdrawal of Claims indicating that he will not seek indemnification or contribution from IMT as a result of the accident that occurred on May 21, 2004. In light of this agreement, the Court finds that the failure of Billy Joe Thomas to agree to the stipulations does not prevent the Court from modifying the stay because IMT is not subject to the possibility of additional liability above and beyond the amount of the limitation fund. Accordingly, it is necessary for the Court to address the adequacy of the stipulations. If the stipulations are adequate to protect IMT's right to limitation, the stay will be modified.

The Claimants' stipulations are as follows:

1. Claimants concede and agree that The United States District Court for the Central District of Illinois has exclusive jurisdiction over all limitation of liability issues which arose out of a collision occurring on or about May 21, 2004 between a pleasure vessel operated by Casey A. Barnick and the M/V Herman Crown and Barge RMT 315;

2. Claimants concede and agree to waive any claim of *res judicata* respecting any limitation of liability issues as might arise in the event of entry of judgment in any state court or other proceeding based upon the facts of the abovementioned collision that occurred on or about May 21, 2004 between a pleasure vessel operated by Casey A. Barnick and the M/V Herman Crown and Barge RMT 315;

3. Claimants concede and agree that should a judgment be obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should this United States District Court for the Central District of Illinois determine that limitation of liability is appropriate, Claimants will only seek their respective pro-rata proportional share of the limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding;

4. Claimants concede and agree that if a judgment is obtained in any state court or other proceeding on behalf of any one or more of the Claimants, and should his United States District Court for the Central District of Illinois determine that limitation of

>    liability is appropriate, Claimants will in no event seek any amount beyond the value of the limitation fund as determined by this United States District Court for the Central District of Illinois; and
>
> 5. Claimants concede and agree that this United States District Court for the Central District of Illinois has exclusive jurisdiction to determine the value of the limitation fund, and so long as the Claimants have an opportunity to obtain an independent appraisal or related valuation, will stipulate to the value as determined by this United States District Court for the Central District of Illinois.

(Stipulations by Claimants, Docket Entry 84-2, Jan 25, 2006, at 1–2.)

Claimants rely on the case of *In the Matter of Garvey Marine Inc.,* 909 F. Supp. 560 (N.D.Ill. 1995), as authority for their argument that these stipulations transform their multiple claims into one single claim. In *Garvey Marine*, the district court modified its stay after all of the claimants submitted stipulations such as those included in the instant case. *Id.* at 567. IMT argues that *Garvey Marine* is distinguishable from the instant case because the claimants in *Garvey Marine* agreed to prioritize their claims in the event that the limitation fund was insufficient to cover each of the claims and the Claimants in the instant case have only agreed to a pro rata distribution. IMT argues that this is inadequate to protect IMT's rights because this does nothing more than what Rule F(8) of the Supplemental Rules already requires. Rule F(8) provides:

> **Objections to Claims: Distribution of Fund.** Any interested party may question or controvert any claim without filing an objection thereto. Upon determination of liability, the fund deposited or secured, or the proceeds of the vessel and pending freight, shall be divided pro rata, subject to all relevant provisions of law, among the several claimants in proportion to the amounts of their respective claims, duly proved, saving, however, to all parties any priority to which they may be legally entitled.

Fed. R. Civ. Pro. F(8) (Supplemental Rules for Certain Admiralty and Maritime Claims).

In the instant case, the Claimants have not prioritized their claims as in *Garvey Marine,* although they have agreed "only seek their respective pro-rata proportional share of the

5

limitation fund as measured by their respective proportions of any judgment obtained in the state court or other proceeding." As this stipulation confirms that the procedure in Rule F(8) will be followed, the stipulation appears sufficient to allow the Claimants to proceed to state court on their liability claims while reserving the question of whether IMT is entitled to limit that liability for this Court. IMT cites the case of *In re M/V Nicole Trahan,* 1992 WL 73197 (E.D. La. 1992)*,* as authority for the proposition that modifying the stay is inappropriate because the Claimants have not prioritized their claims. The *In re M/V Nicole Trahan* court stated, "the case at bar presents a 'true' multiple claimant situation, as the claims of Verrett and the owners and managers of the M/V Svendborg Maersk are separate and cannot be prioritized." *Id.* at *2. In arguing that this case applies, however, IMT fails to acknowledge that Verrett was the only claimant in the case who had agreed to the stipulations. M/V Svenborg Maersk, another claimant in the limitation proceeding, had not agreed to the stipulations. *Id.* at *1. Verrett's willingness to stipulate that "in the event of recovery in excess of the limitation fund, neither he nor any third party would seek to enforce its award against plaintiff after exhaustion of the limited fund" did not prevent M/V Svenborg Maersk or any other claimants from seeking more than the limited fund. *Id.* Accordingly, the Court's reference to Verrett's failure to prioritize his claims does not persuade this Court that the Claimants in the instant case must prioritize their claims because the failure of the Claimants to prioritize their claims in the instant case will not result in IMT being subjected to additional liability above and beyond the amount of the limitation fund.

Additionally, IMT cites *In re The Matter of Waterman Steamship Corporation,* 1991 WL 255025 (E.D. La., Nov. 26, 1991) as an example of a court refusing to modify a stay because the stipulations did not prioritize the claims. In that case, the Judge found, in a situation where there

are multiple claimants that are not related or somehow derivative to one another, that the district court could only modify the stay if the total claims filed were less than the limitation fund. *Id.* at *2. A review of the other orders issued in that case indicate that the Judge would not even consider the sufficiency of the stipulations unless and until the aggregate claims were less than the limitation fund. *See In re Waterman S.S. Corp.*, 1992 WL 41714 (E.D. La., Feb. 27, 1992); *In the Matter of Waterman S.S. Corp.,* 1992 WL 211711 (E.D. La., Aug. 13, 1992).

Unlike the Judge in *Waterman*, this Court finds that multiple claimants can offer sufficient stipulations to permit this Court to lift the stay and allow Claimants to proceed to state court. This situation was addressed in *Odeco Oil and Gas Co.—Drilling Div. v. Bennett*, 4 F.3d 401 (5th Cir. 1991). In *Odeco*, Odeco filed a limitation proceeding in federal court after an escape capsule containing five workers was accidentally released 90 feet into the ocean severely injuring all five men. *Id.* at 401. The Court's reasoning of *Odeco* is instructive:

> *Odeco* contends that this is a multiple claimant-inadequate fund case that requires the limitation proceeding to take precedence over the state court suit. This contention is only partly true. If we assume that each of the crew claimants' damage claims must be aggregated and totted up against the limitation fund, notwithstanding their agreements that, if necessary, they will not enforce judgments against appellants for more than the limitation fund, then the fund is by definition inadequate. If the purpose of the Limitation Act were to accomplish judicial efficiency as well as limitation of liability, this case would clearly call for concursus proceeding. But the Supreme Court explained in *Lake Tankers,* 354 U.S. at 152–53, 77 S.Ct. at 1272–73 that liability may and should be limited consistent with preserving the claimants' right to proceed in the fora of their choice. So where, as here, all of the claimants are so anxious to take advantage of the perceived magnanimity of South Texas juries that they are willing to stipulate essentially that they will submit to two trials—the state court trial followed by a substantially redundant federal limitation proceeding—this court is hard put to deny them. We must accede to this choice if it is accompanied by stipulations fully protecting Odeco's right to limit liability and agreeing to abide by an admiralty court determination of the right to limit.

*Odeco*, 4 F.3d at 404–405.

In the instant case, all of the Claimants have agreed to the stipulations and have specifically agreed that they will not seek in excess of the limitation fund. Notably, Casey Barnick, the driver of the pleasure craft who pled guilty to a Class 2 Felony, "Aggravated Operating a Watercraft under the Influence of Alcohol" in connection with this incident and who is also a defendant in the state court action, is one of the Claimants and has agreed to these stipulations. As all of the Claimants have agreed to the stipulations and no other potential litigants have been identified, the stipulations ensure that IMT will not be subject to additional liability above and beyond the amount of the limitation fund.

Additionally, the fact that the Claimants have not specifically prioritized their claims does not conflict with the policy justifications for allowing Claimants to make such stipulations and proceed to state court. Ultimately, this policy of allowing claimants to submit certain stipulations is to rectify the inherent conflict between the "savings to suitors" clause and the Limitation of Liability Act. If, as in this case, all of the potential claimants have agreed to the stipulations and have agreed only to seek "their respective pro-rata proportional share of the limitation fund as measured by their respective proportions obtained in the state court or other proceedings", then this agreement ensures that IMT's right to limitation is preserved while still allowing the Claimants' to have a jury determine their respective entitlement to damages.

IMT's final argument is that the Court should not modify the stay because this would prevent IMT from being able to seek exoneration in the federal court as authorized by Rule F(2) of the Supplemental Federal Rules. The relevant portion of Rule F(2) states "[t]he complaint may demand exoneration from as well as limitation of liability." Fed. R. Civ. P. F(2) (Supplemental Rules for Certain Admiralty and Maritime Claims). IMT relies on the Supreme Court decision in *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438 (2001), as authority for the

8

proposition that IMT's right to exoneration cannot be disregarded because limitation of liability is not at issue in this case. In *Lewis*, the Supreme Court reversed the Eighth Circuit and found that the District Court properly "exercised its discretion in dissolving the injunction that prevented the [claimant] from pursuing his claims in state court." *Id.* at 451. The Court specifically stated that the Eighth Circuit relied on a flawed premise when it found "that the Limitation Act grants vessel owners a right to obtain exoneration from liability in federal court where limitation of liability is not at issue." *Id.* at 453. IMT argues that the holding in *Lewis* precludes this Court from modifying the stay because, unlike *Lewis,* where limitation of liability was not an issue because the claimant was not seeking in excess of the limitation fund, the Claimants in this case are seeking more than the limitation fund and therefore IMT must be afforded the opportunity to litigate its exoneration claim in federal court because limitation of liability is an issue. This argument fails to acknowledge the reasoning behind the *Lewis* Court's holding. Specifically, the *Lewis* Court recognized:

> If the district court concludes that the vessel owner's right to limitation will not be adequately protected—where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainly concerning the absence of the fund or the number of claims—the court may proceed to adjudicate the merits, deciding the issues of liability and limitation. (Internal citations omitted). But where, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion.

*Id.* at 454. In the instant case, this Court is satisfied that the Claimants' stipulations protect IMT's right to seek limitation in a federal court. Claimants have (1) stipulated that this Court has exclusive jurisdiction over all limitation of liability issues; (2) waived all claims of *res judicata* respecting limitation of liability issues; (3) agreed to a pro rata distribution; (4) agreed not to seek any amount beyond the value of the limitation fund; and (5) agreed that this Court will have

9

exclusive jurisdiction to determine the value of the limitation fund. These stipulations are sufficient to protect IMT's rights under the Act while also preserving Claimants rights to proceed in front of a jury in state court. Accordingly, the Motion to Modify the Stay is granted.

## CONCLUSION

For the reasons set forth above, the Motion to Modify the Stay [#84] is GRANTED and this Court's previous Order dated February 23, 2005, is modified. The parties in this limitation proceeding are now permitted to pursue their remedies and defenses in state court to the extent that they are consistent with this Order. As a result of the stay being modified, IMT's Motion to Strike Claimants' Demand for Trial by Jury [#73] is MOOT.

ENTERED on the 3rd day of April, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge